UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PERCY SHAW                                              CIVIL ACTION

VERSUS                                                  NO. 11-539

WAL-MART LOUISIANA, LLC                                 SECTION "F"

ORDER & REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is DENIED.

**Background**

After being fired about a month after giving testimony in connection with a co-worker's termination, Percy Shaw sued his long-time employer, Wal-Mart Louisiana LLC in the 22nd Judicial District Court for the Parish of St. Tammany for retaliatory discharge and conspiracy to retaliate under Louisiana law. The plaintiff claims that his damages include mental anguish and distress in the past, present, and future; medical and pharmaceutical expenses in the past, present, and future; past and future wages and the loss of earning capacity; apprehension of not being able to support his family; inconvenience; fear and fright; embarrassment, humiliation, and aggravation; and other damages allowable under the law. Because Louisiana law bars plaintiffs from doing so, plaintiffs' complaint alleges no amount in controversy.

Contending that damages exceed $75,000, the defendant timely

1

removed on the basis of diversity jurisdiction. Plaintiff now seeks remand. The parties dispute whether the jurisdictional amount in controversy necessary to support this Court's jurisdiction is met.[1]

## Law & Analysis

### I.

For a defendant to invoke the Court's removal jurisdiction based on diversity, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied" including that the minimum amount in controversy exceed $75,000. Smallwood v. Ill. Cent. R.R. Co., Inc., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).

Because Louisiana law bars plaintiffs from doing so, plaintiffs' complaint alleges no amount in controversy. See La. Code Civ. P. Ann. art. 893 (2005). Where the complaint does not include a specific monetary demand, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Felton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003). There are two ways the defendant may meet its burden: by showing that it is "facially apparent" in

---

[1] Neither party disputes that the parties are completely diverse. The plaintiff is a citizen of Louisiana, and the defendant is a Delaware limited liability company with its principal place of business in the State of Arkansas.

the plaintiffs' complaint the minimum amount in controversy is met; or by establishing facts in controversy in its removal petition or accompanying affidavit to show the amount in controversy is met. Id. at 773-74. But removal "'cannot be based simply upon conclusory allegations.'" Id. at 774 (quoting Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)). If any doubt remains as to jurisdiction, the Court should construe ambiguities against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), and remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

## II.

In moving for remand, the plaintiff makes no effort to show that he is entitled to damages less than $75,000 and instead merely asserts that removal is not proper because the defendant has offered no evidence to support its claim that the damages exceed $75,000. In opposing remand, the defendant provides the missing support and shows by a preponderance of the evidence that the amount in controversy in this case could exceed $75,000. The Court therefore finds that the defendant has established through its affidavit and relevant law that jurisdiction is proper in this Court by the necessary preponderance of the evidence.

To explain: If successful on his retaliation claim, the plaintiff could be entitled to compensatory damages, back pay,

benefits, reinstatement, reasonable attorney's fees, and court costs, <u>see</u> La. R.S. Ann. 23:967(C)(2), and, possibly, other damages. The defendant provides a sworn affidavit that the plaintiff earned $60,000 per year at the time he was fired one year ago. The defendant reasonably posits that if a trial is decided in plaintiff's favor within six months of this Order (or, put another way, just over eighteen months after plaintiff's termination), back pay might total $90,000. See <u>Miller v. Am. Gen. Fin. Servs.</u>, No. 02-0348, 2002 WL 550989, at *2 (E.D. La. Apr. 11, 2002) (making similar assessment). Based on this same amount, moreover, front pay could also amount to another $90,000 under Louisiana law, where front pay awards have been granted for periods of time ranging from eighteen months to five years. <u>Id.</u> at *3; <u>see</u> <u>Richey v. Wal-Mart Stores, Inc.</u>, 390 F. App'x 375, 379 (5th Cir. 2010) (calculating future wages based on three-year period). Finally, the defendant shows that attorney's fees in a case like the plaintiff's could range from $20,000 to $25,000, <u>see</u> <u>Miller</u>, 2002 WL 550989, at *3 ("Attorney's fees are included in determining the jurisdictional amount in this case because the statutes under which plaintiff brings this lawsuit authorize the recovery of attorney's fees."). The defendant's estimates, supported by relevant case law, establish for the purposes of evaluating jurisdiction that total recovery in this case based on the damages plaintiff has alleged

4

could be at least $200,000.[2]  That is enough to sustain this Court's authority.  (Quite obviously, however, if plaintiff truly believes his claim is far less than $75,000, he will settle for less, and if defendant believes what it has argued, then the settlement, if any, will be for far more.)

Because the defendant has shown that the jurisdictional minimum is present,[3] the plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, May 12, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2]  The mental anguish-related damages plaintiff could add another $5,000 to $20,000 to this total.

[3]  The Court rejects as frivolous the plaintiff's alternative argument that removal was improper because the defendant did not wait to remove until discovery was conducted.

5