UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PERCY SHAW                                    CIVIL ACTION

VERSUS                                        NO. 11-539

WAL-MART LOUISIANA, LLC                       SECTION "F"

<u>ORDER & REASONS</u>

Before the Court is the plaintiff's motion for extension of time to answer the defendant's motion for summary judgment. For the reasons that follow, plaintiff's motion is DENIED. Wal-Mart's motion for summary judgment will be heard on January 11, 2012, on the papers.

<u>I. Background</u>

After being fired about a month after giving testimony in connection with a co-worker's termination, Percy Shaw sued his long-time employer, Wal-Mart Louisiana LLC in the 22nd Judicial District Court for the Parish of St. Tammany for retaliatory discharge and conspiracy to retaliate under Louisiana law.

The plaintiff claims that his damages include mental anguish and distress in the past, present, and future; medical and pharmaceutical expenses in the past, present, and future; past and future wages and the loss of earning capacity; apprehension of not being able to support his family; inconvenience; fear and fright; embarrassment, humiliation, and aggravation; and other damages allowable under the law. Because Louisiana law bars

1

plaintiff from doing so, plaintiff's complaint alleges no amount in controversy. Contending that damages exceed $75,000, the defendant timely removed on the basis of diversity jurisdiction. The Court denied the plaintiff's motion to remand to state court by Order and Reasons dated May 12, 2011.

Wal-Mart moved for summary judgment on December 20, 2011, and noticed its motion for hearing on January 11, 2012. On December 23, 2011, plaintiff filed this motion for a thirty day extension of time to respond to Wal-Mart's summary judgment motion, citing a need for additional discovery.[1] Because Wal-Mart opposes plaintiff's motion for an extension of time, this motion was initially also noticed for submission on January 11, 2012, the same date as Wal-Mart's motion for summary judgment. In order to resolve the extension of time question prior to the submission date of Wal-Mart's motion for summary judgment, the Court moved the hearing date for this motion to January 6, 2012. The pre-trial conference and trial dates are January 23, 2012 and February 6, 2012.

Plaintiff also filed a motion to compel discovery on December 31, 2011, which is noticed for hearing before Magistrate Judge Chasez on January 11, 2012.

---

[1] As the motion for summary judgment is noticed for hearing on January 11, 2012, the plaintiff's response was due on January 3. Plaintiff in fact submitted a response, but noted that he did so only in case his motion for an extension of time was denied.

## II. Discussion

Plaintiff bases his motion for an extension of time to respond to Wal-Mart's summary judgment motion on an asserted need to conduct more discovery. Under the scheduling order entered in this case, the discovery cut-off was December 26, 2011.

Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order can only be modified by "a showing of good cause and by leave of the district judge." S&W Enters. v. Southtrust Bank of Ala., 315 F.3d 533, 535 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)). Additionally, "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" Id. (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

Plaintiff has failed to show good cause for requesting the extension. First, plaintiff does not make clear in his motion and memorandum what the written discovery is that he asserts he is waiting for. Second, Wal-Mart disclosed Ms. Turnbow's identity to the plaintiff on two separate occasions: in its response to plaintiff's first set of written interrogatories (June 20, 2011), and in its witness list (November 21, 2011). According to an email exchange between plaintiff's counsel and Wal-Mart's counsel, plaintiff asked to depose Ms. Turnbow on December 19, 2011, just seven days before the discovery cut-off.

Plaintiff does not explain in his motion or memorandum why he did not depose Ms. Turnbow earlier. Plaintiff's assertion that he only found out about Ms. Turnbow's potential relevance to the case after taking Jahane Tidwell's deposition on December 14, 2011 does not excuse the lack of diligence on plaintiff's part. Finally, the declarations that Wal-Mart submits in support of his motion for summary judgment were made by Mr. Beck, Ms. Turnbow, and Ms. Tidwell, all of whom were disclosed to plaintiff, not once but twice. And plaintiff apparently has not sought to compel any remedy for deficient discovery. Plaintiff makes absolutely no case for an extension.

Accordingly, IT IS ORDERED: the plaintiff's motion for an extension of time to respond to plaintiff's motion for summary judgment is DENIED. The motion for summary judgment will be heard on January 11, 2012, on the papers.

New Orleans, Louisiana, January 6, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

4